# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00709-CR

**Timothy Franks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 3032462, HONORABLE DONALD LEONARD, JUDGE PRESIDING

## O P I N I O N

This case involves the deadline for filing a new notice of appeal in an out-of-time appeal granted as a result of a post-conviction habeas corpus proceeding. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2005).

Timothy Franks was convicted and sentenced on August 5, 2005. Franks did not file a motion for new trial, therefore, the original deadline for filing a notice of appeal was September 6, 2005. Tex. R. App. P. 4.1(a), 26.2(a)(1). Due to factors beyond Franks's control, the original notice of appeal was not filed until September 27, 2005. Because this original notice of appeal was not filed timely, this Court lacked jurisdiction to consider the appeal and dismissed it for want of jurisdiction on October 20, 2005. *Franks v. State*, No. 03-05-00670-CR (Tex. App.—Austin Oct. 20, 2005, no pet.) (not designated for publication).

Franks sought post-conviction habeas relief under article 11.07. On May 10, 2006, the court of criminal appeals granted Franks an out-of-time appeal. *Ex parte Franks*, No. AP-75,397 (Tex. Crim. App. May 10, 2006) (not designated for publication). The court of criminal appeals expressly declared in its opinion that the deadline for filing a new notice of appeal in the out-of-time appeal would be "within thirty days after the mandate of this Court has issued." *Id*. The court's mandate issued on June 5, 2006. Consequently, the deadline for filing a new notice of appeal as a part of the out-of-time appeal was July 6, 2006.

Franks did not file a new notice of appeal. Instead, Franks's counsel advised the district clerk to forward to this Court a copy of the court of criminal appeals's mandate together with a copy of the original notice of appeal filed in September 2005. The Clerk received and filed these documents on November 17, 2006. *See* Tex. R. App. P. 25.2(e). Apparently, the intention was to rely on the original untimely notice of appeal as the means of perfecting the appeal in the out-of-time appeal granted by the court of criminal appeals.

When a defendant obtains an out-of-time appeal by means of a writ of habeas corpus, the relief granted is to return the defendant to the point in the appellate process at which he can properly give notice of appeal and then perfect an appeal pursuant to the rules of appellate procedure. *See Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999). This is typically done, as it was in this case, by the court of criminal appeals declaring that a new set of appellate deadlines will begin to run as if the defendant's sentence had been imposed on the date of the court's mandate in the habeas corpus proceeding. If a defendant who is granted an out-of-time

2

appeal wishes to prosecute an appeal, the defendant must take affirmative steps to perfect the appeal in the same manner as required had he appealed the conviction in the first instance. *Id*. The court of criminal appeals reiterated this procedure in its opinion granting Franks an out-of-time appeal:

> Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his conviction in cause number 3032462 from the 403rd District Court of Travis County. The proper remedy in a case such as this is to return Applicant to the point at which he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the conviction had been entered on the day that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute and appeal, must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued.

*Ex parte Franks*, No. AP-75,397 (Tex. Crim. App. May 10, 2006) (not designated for publication).

The judgment of the court of criminal appeals granting Franks habeas relief did not resurrect Franks's original untimely notice of appeal. By its express language, the court of criminal appeals required Franks to perfect any desired appeal pursuant to the rules of appellate procedure, including deadlines, based on those deadlines running from the date of the court's mandate. Franks had thirty days from June 5, 2006, to file a new notice of appeal and perfect his new appeal. He did not file a new notice of appeal. Without a timely notice of appeal, we lack jurisdiction to dispose of this attempted appeal in any manner other than by dismissing it for want

3

of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996).

The appeal is dismissed.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   December 12, 2006

Publish